12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jackie COLLINS, Plaintiff-Appellant,
v.
SHELL OIL COMPANY, a Delaware corporation; Shell Western
Exploration & Production, Inc., a Delaware
corporation, Defendants-Appellees.
 No. 92-16495.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Decided Dec. 13, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 MEMORANDUM*
 Collins assigns error to 1) the failure of the district court to permit Collins Oilfield Maintenance, Inc. to amend its complaint to add Jackie Collins as a plaintiff, and 2) the grant of Shell Oil's motion for summary judgment on the grounds that Collins' separate action against Shell Oil is barred by res judicata.
 The district court did not abuse its discretion in determining that Collins, Inc. had unduly delayed filing its motion to amend and that granting this motion would have prejudiced Shell Oil. However, in light of our disposition in Collins Oilfield Maintenance, Inc. v. Shell Oil Co., we remand the court's grant of summary judgment in the Jackie Collins action. We might affirm on other different grounds. The record suggests that Collins had full and fair opportunity to litigate her claim and that her interest received actual and efficient representation by Collins, Inc. We remand instead to permit full and fair consideration based on the current record.
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3